GAMALIEL G. SMITH and others, Respondents, *v.* DANIEL L. PETTEE and another, Appellants.

*Damages arising from refusal to accept merchandise under contract— Measure of — sale by vendor for benefit of vendee — how soon it must be made.*

Appeal from a judgment entered on a report of a referee for $2,525.57, damages and costs.

The action was brought on a broker's contract for the sale of "170 tons, more or less, of No. 1 wrought scrap iron, to arrive per ship, as follows: Elpis, seventy tons, Christopher, one hundred tons, at sixty dollars per ton of 2,240 pounds; light iron at half price; purchasers to give their notes at sixty days from date of invoice and weigher's return, adding interest at seven per cent per annum; United States weigher's return to decide quantity," which contract, dated February 2, 1874, was accepted in writing by the defendants. The iron by the Elpis, on arrival, was delivered and paid for by the defendants pursuant to the contract. The iron by the Christopher was tendered, but acceptance and payment were refused by the defendants, on the ground that the iron was in fact on the "St. Christopher," while the contract mentioned the ship without canonization, the "Christopher." In the answer there was an additional claim, that the value of the iron was more than it brought on the sale by the plaintiffs. On the trial, proof was introduced by the defendants for the purpose of showing the defective quality of part of the iron tendered to them. Soon after the refusal, the plaintiffs gave notice to the defendants that they should sell the iron for the defendants' account. In the month of November, 1874, the plaintiffs sold the iron for $4,768.07. A deficiency arose on the sale of $1,971.39, being the difference between the avails of sale and the contract-price, including expenses, for which this suit was brought and judgment obtained on the report of the referee.

The court at General Term say: "There seems to have been no good ground for doubting the plaintiffs' right to recover whatever damages they sustained by means of the defendants' default.

"But their recovery was not limited to the difference between the price they were entitled to receive under the agreement and the market-price of the iron when the defendants refused to receive it, or within a reasonable period afterward, during which a sale could have been made of it. Either upon such a sale would have been a proper measure of damages. (*Dana* v. *Fiedler*, 2 Kern., 40; *Pollen* v. *Le Roy*, 30 N. Y., 549; *Lewis* v. *Greider*, 51 id., 231; 49 Barb., 606.) The plaintiffs had the right to retain it until it could be sold, after the defendants refused to receive the iron; and after making sale of it could recover the difference between its net proceeds and the price they were to receive for it, by the terms of the agreement, from the defendants. But to conclude the purchasers by the result of such a sale it should take place as soon after the refusal to accept the property as that could practically be made. That was not done in this case, but the iron was retained in store by the plaintiffs for a period of very near four months, and during this time the market-price of that description of iron was continually depreciating. * * * They could not keep it in store for months as they did and then charge the loss caused by that delay upon the purchasers, for to that extent it was not the consequence of the defendants' fault, but of the plaintiffs' injudicious delay in the sale of the property. The right of a party to damages for the breach of a contract is limited to such as are the natural and proximate consequence of the act complained of, and do not include those proceeding from his own neglect or mismanagement. (2 Greenl. on Ev. [5th ed.], § 256; *Passenger* v. *Thorburn*, 34 N. Y., 634; *Griffin* v. *Colvir*, 16 id.; 489, 494-495; *Cassidy* v. *Le Fevre*, 45 id., 563.) The law, for wise reasons, imposes upon a party subjected to injury from a breach of contract the active duty of making reasonable exertions to render the injury as light as possible; and if he, through negligence or willfulness, allows the damages to be unnecessarily enhanced, the increased loss justly falls upon himself. (*Hamilton* v. *McPherson*, 28 N. Y., 72, 76, 77; *Milton* v. *Hudson R. Steamboat Co.*, 37 id., 210, 214, 215.) The loss sustained upon the iron by deferring the time for its sale beyond that reasonably required for making it, after the defendants' refusal to accept it, was not, within these principles, a proper item of damages against them."

*Thomas Darlington,* for the appellants.    *Foster & Thomson* and *John M. Whiting,* for the respondents.

Opinion by DANIELS, J.    DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.